1  KEVIN V. RYAN (SBN 118321)
   United States Attorney
2  CHARLES M. O'CONNOR (SBN 56320)
   Assistant United States Attorney
3  Chief, Environment and Natural Resources
   450 Golden Gate Avenue, Box 36055
4  San Francisco, CA 94102-3495
   Telephone: (415) 436-7180
5  Facsimile: (415) 436-6748

6  JOHN M. CUMMINS (PA Bar #58539)
   Special Assistant United States Attorney
7  2001 Junipero Serra Blvd., Suite 600
   Daly City, CA   94014-1976
8  Telephone: (650) 746-7481
   Facsimile: (650) 746-7372

10  Attorneys for Plaintiff

12  IN THE UNITED STATES DISTRICT COURT

13  FOR THE NORTHERN DISTRICT OF CALIFORNIA

14  SAN FRANCISCO DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA | Case No.: C |
| Plaintiff, | |
| v. | **COMPLAINT FOR EJECTMENT, TRESPASS, INJUNCTIVE RELIEF, AND DAMAGES** |
| BAY STORAGE DISTRIBUTION COMPANY | |
| Defendant. | |

Plaintiff, the United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting on behalf of and at the request of the Secretary of the Navy, files this complaint and alleges as follows.

## INTRODUCTION

1. This is a civil action to eject defendant Bay Storage Distribution Company ("Bay Storage"), from land held by the Department of the Navy ("Navy"), which defendant occupies without lawful authority in trespass, and to require defendant to pay delinquent rent (currently eleven months in arrears). Plaintiff also seeks to enjoin defendant from future use of public lands without lawful authorization and an award of costs and damages.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345.

3. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this judicial district because the real property that is the subject of this action is situated in the City and County of San Francisco, within the Northern District of California, and the defendant is found in this district.

## DEFENDANT

4. Defendant, Bay Storage, is located in San Francisco, California.

## FACTS

5. The United States of America owns that property known as the Hunters Point Naval Shipyard ("Shipyard"). The Shipyard is located in the City and County of San Francisco, California. At all times pertinent to the allegations herein, the Navy has been the agency of the United States responsible for the administration of the Shipyard and of the real property occupied by the defendant, Bay Storage, as described herein.

6. Defendant was given use of 42,307 square feet of space in Buildings 400, 3,600 square feet in the addition on Building 400, 27,782 square feet of yard area to the north of Building 405, and 40,219 square feet of yard area to the south of Building 405, for a total of 113,908 square feet (the "Premises"), under Navy Lease No. N6247492RP00H47 (the "Lease").

7. The Lease was entered into on June 15, 1992 and subsequently amended nine times.

1  Amendment Number Three, dated October 26, 1995, extended the expiring Lease on a month-
2  to-month basis until further notice.

3     8. Amendment Number Nine to the Lease, effective July 1, 2002, set the monthly rent at
4  $7,500.00, payable on the first of each month.

5     9.  The United States terminated the month-to-month Lease by letter dated August 15,
6  2005, giving defendant until February 15, 2006, to vacate the Premises. The letter cited the
7  Navy's right under the Lease to terminate at any time and regardless of any breach by Lessee
8  of any of the terms and conditions of the Lease.

9     10. By letter dated January 24, 2006, the Navy informed the defendant that it owed back
10 rent for eight months in 2005, and for the month of December 2004, for a total of $67,500
11 (nine months at $7,500 per month, payable on the first day of each month).

12    11. Since that time, defendant has failed to vacated the Premises, failed to pay the unpaid
13 rent identified in the letter dated January 24, 2006, and failed to pay rent for January and
14 February of 2006.

15    12. On or about February 27, 2006, a United States Real Estate Contracting Officer sent to
16 the defendant via certified mail a three-day notice to quit the Premises. The Notice was sent to
17 the address specified in the Lease, and delivered on February 27, 2006.

18    13. By virtue of its ownership of the Shipyard, the United States is entitled to exclusive
19 possession of the Premises.

20    14. The defendant continues to occupy the Premises without lawful authority or claim of
21 right and thus, is occupying in trespass. In addition, by entering and remaining on the
22 Shipyard for the purposes of using the Premises unlawfully and in trespass, defendant is in
23 violation of 18 U.S.C. § 1382.

24 //

25 //

26

3
27 COMPLAINT FOR EJECTMENT, TRESPASS, INJUNCTIVE RELIEF AND DAMAGES
U.S. v. BAY STORAGE DISTRIBUTION COMPANY – Case No. C-
28

## FIRST CLAIM FOR RELIEF
(Ejectment)

15. The United States re-alleges and incorporates the allegations of Paragraphs 1 through 14 of the complaint as set forth above.

16. The United States is fee owner and entitled to exclusive possession of the Premises.

17. Defendant is occupying the property in trespass, and its unauthorized use and occupancy of the Premises also violates 18 U.S.C. § 1382.

18. Defendant's unauthorized use and occupancy of federal lands constitutes a continuing trespass.  Unless permanently enjoined, defendants will persist in trespassing on federal lands. The United States does not have an adequate remedy at law that would preclude defendant's continuing unlawful occupancy and use of the Premises.

19. Accordingly, the United States is entitled to an order ejecting the defendant from the Premises and enjoining its future use and occupancy of the Shipyard without written authorization from an authorized government officer.

## SECOND CLAIM FOR RELIEF
(Trespass, Injunctive Relief and Unpaid Rent)

20. The United States re-alleges and incorporates the allegations of Paragraphs 1 through 19 of the complaint as set forth above.

21. The defendant has an obligation to pay rent for its use and occupancy of the Premises, but has failed to pay rent and is approximately eleven months in arrears.

22. The defendant is required to vacate the Premises and to remove all personal property, material and debris, but has failed to do so.

23. Defendant's unauthorized use and occupancy of the Premises constitutes a continuing trespass on the property of the United States.

24. Unless enjoined, the defendant will continue to occupy and conduct activities on the

Premises without authorization and interfere with proper administration and control of the Premises, causing plaintiff irreparable harm. The United States is entitled to an order enjoining defendant from the use and occupancy of the Premises.

25. The United States does not have an adequate remedy at law that would preclude defendant's continued unlawful occupancy and use of the premises.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays for a judgment against defendant, as follows:

1. For a decree that the defendant has no further claim of right to said Premises;

2. For an order that defendant, and all those acting in concert with it, vacate the Premises;

3. For an order that the defendant, and all those acting in concert with it, remove all equipment, personal property and debris, and restore the premises;

4. For an order imposing a fine for each day that defendant fails to vacate the Premises or fails to remove all property, material and debris on the Premises from the Shipyard;

5. For an order permitting the United States, in its discretion, to take title to and possession of all structures, equipment, property, material and debris not removed by defendant, as abandoned property, together with an order authorizing the United States to dispose of said property, material and debris, without further order of this Court, notice, accounting, or administrative order;

6. For an order that the defendant, and all those acting in concert with it, are prohibited from any future unlawful use and occupancy of the Premises, and from any interference with plaintiff's possession or administration of the Premises;

7. For an award of all unpaid rent, including for the months of December 2004; January, March, April, August, September, October, November, and December of 2005; and January and February of 2006. Said rent to be at the rate of $7,500 per month, due on the first of the month, plus interest on the unpaid balance at the applicable rate set by the United States

Treasury.

8. For an award of costs incurred and to be incurred by the United States to enforce it's right to possession and for any necessary restoration and cleanup of the premises;

9. For an award of the United States' costs of suit; and,

10. For an order granting such other and further relief, as the Court may deem just and proper.

Dated:  March 3, 2006

                              Respectfully submitted,

                              KEVIN V. RYAN
                              United States Attorney

                              _____/S/_____
                              JOHN M. CUMMINS
                              Attorneys for Plaintiff